IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

SANDRA L. SIMPSON,

      Plaintiff,

      vs.

WAYNE COUNTY, ILLINOIS *doing business
as* WAYNE COUNTY, ILLINOIS
HIGHWAY DEPARTMENT and GREG
HEIDEN, *Wayne County Engineer*,

      Defendants.

Case No. 13-cv-359-JPG-SCW

**MEMORANDUM AND ORDER**

      This matter comes before the Court on defendants Wayne County, Illinois, doing

business as Wayne County, Illinois Highway Department's ("the Department") and Greg

Heiden's (collectively "Defendants") motion to dismiss (Doc. 13). Plaintiff Sandra L. Simpson

has filed her response (Doc. 19). For the following reasons, the Court grants in part and denies

in part the Defendants' motion.

    **1. Background**

      Taking Simpson's allegations as true, the following are the relevant facts. The

Department is a department of Wayne County, Illinois, and controlled by the Wayne County

Board ("the Board"). The Department employed Simpson as an "Office Manager/Bookkeeper/

Secretary" starting June 28, 1999, and the county engineer supervised Simpson.

      On January 13, 2010, Arthur Loebach, the county engineer at the time, proposed a $2.00

per hour wage increase for all of the Department's employees. The Department Road and Bridge

Committee approved the $2.00 increase for all the maintenance employees, who were all male,

and disapproved the $2.00 increase for Simpson, who is female. Rather, the Department Road

and Bridge Committee approved only a $.50 per hour wage increase for Simpson.  Ultimately, the Board voted against each of the aforementioned wage increases.

The next year, Loebach allocated and budgeted a $1.00 per hour wage increase for Simpson.  On January 12, 2011, however, the Department Road and Bridge Committee approved only a $.70 per hour wage increase for Simpson.  That same day, Simpson made a written complaint to the Department Road and Bridge Committee concerning its actions on her wages.  Then, on November 3, 2011, Simpson's attorney wrote a letter to the Board Finance Committee concerning the Department Road and Bridge Committee's action on Simpson's wages.  The Board failed to address Simpson's attorney's letter.  However, only seven days later, on November 10, 2011, the Board voted to issue a warning letter to Simpson and threatened termination of her employment.  Although this was a closed executive session, the actions against Simpson were publicly reported in the media.

On September 4, 2012, an unexplained incident occurred between Simpson and Heiden, the county engineer starting April 1, 2012.  On September 14, 2012, the Department placed Simpson on administrative leave pending a hearing before the Board concerning her termination.  Heiden, a co-worker, a Board member, and two Wayne County Sheriff's deputies waited on Simpson in the work parking lot to tell her she was placed on administrative leave.  Thereafter, on October 11, 2012, the Board adopted a resolution terminating Simpson purportedly for insubordination and disrupting the workplace during the September 4, 2012, incident with Heiden.

Simpson filed the instant complaint alleging the following causes of action: (1) Count One – Title VII discrimination and retaliation against the Department, (2) Count Two – state law retaliatory discharge against the Department, (3) Count Three – intentional infliction of

emotional distress against Heiden, (4) Count Four – negligence against Heiden, (5) Count Five – intentional infliction of emotional distress against the Department, and (6) Count Six – negligence against the Department.

The Defendants filed their Rule 12(b)(6) motion to dismiss Counts Three, Four, Five and Six of Simpson's complaint.  Defendants argue that (1) the Illinois Workers' Compensation Act ("IWCA") preempts Simpson's intentional infliction of emotional distress and negligence claims; (2) Simpson failed to sufficiently plead a § 1983 claim; (3) Defendants are immune from Simpson's intentional infliction of emotional distress and negligence claims under the Tort Liability Act; and (3) the Tort Immunity Act prohibits her prayer for punitive damages.  The Court will now consider whether Simpson's claims must be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).

### 2.  Analysis

When reviewing a Rule 12(b)(6) motion to dismiss, the Court accepts as true all allegations in the complaint.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  To avoid dismissal under Rule 12(b)(6) for failure to state a claim, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  This requirement is satisfied if the complaint (1) describes the claim in sufficient detail to give the defendant fair notice of what the claim is and the grounds upon which it rests and (2) plausibly suggests that the plaintiff has a right to relief above a speculative level.  *Bell Atl.*, 550 U.S. at 555;  *see Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009);  *EEOC v. Concentra Health Servs.*, 496 F.3d 773, 776 (7th Cir. 2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to

draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949 (citing *Bell Atl.*, 550 U.S. at 556).

In *Bell Atlantic*, the Supreme Court rejected the more expansive interpretation of Rule 8(a)(2) that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief," *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). *Bell Atlantic*, 550 U.S. at 561–63; *Concentra Health Servs.*, 496 F.3d at 777. Now "it is not enough for a complaint to avoid foreclosing possible bases for relief;  it must actually suggest that the plaintiff has a right to relief . . . by providing allegations that 'raise a right to relief above the speculative level.'" *Concentra Health Servs.*, 496 F.3d at 777 (quoting *Bell Atl.*, 550 U.S. at 555).

Nevertheless, *Bell Atlantic* did not do away with the liberal federal notice pleading standard. *Airborne Beepers & Video, Inc. v. AT&T Mobility LLC*, 499 F.3d 663, 667 (7th Cir. 2007). A complaint still need not contain detailed factual allegations, *Bell Atl.*, 550 U.S. at 555, and it remains true that "[a]ny district judge (for that matter, any defendant) tempted to write 'this complaint is deficient because it does not contain . . .' should stop and think:  What rule of law *requires* a complaint to contain that allegation?" *Doe v. Smith*, 429 F.3d 706, 708 (7th Cir. 2005) (emphasis in original). Nevertheless, a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl.*, 550 U.S. at 555. If the factual detail of a complaint is "so sketchy that the complaint does not provide the type of notice of the claim to which the defendant is entitled under Rule 8," it is subject to dismissal. *Airborne Beepers*, 499 F.3d at 667.

### a. IWCA Preemption

Defendants first argue the IWCA preempts Simpson's intentional infliction of emotional distress and negligence claims.  These claims arise from Heiden's actions in the work parking lot when he informed Simpson the Board voted to place Simpson on administrative leave.  Under Illinois law, the IWCA provides the "exclusive remedy for 'accidental' injuries arising out of and in the course of employment."  *McPherson v. City of Waukegan*, 379 F.3d 430, 442 (7th Cir. 2004).  The Court will consider whether the IWCA preempts either Simpson's intentional or negligent tort claims against Defendants.

### i. Intentional Infliction of Emotional Distress

The Illinois Supreme Court has found that a plaintiff may only bring a common law intentional tort claim against her employer if she proves one of the following four exceptions to IWCA preemption: "(1) that the injury was not accidental; (2) that the injury did not arise from his or her employment; (3) that the injury was not received during the course of employment; or (4) that the injury was not compensable under the [IWCA]."  *Meerbrey v. Marshall Field & Co., Inc.*, 564 N.E.2d 1222, 1226 (Ill. 1990).  For purposes of the IWCA, "accidental" injuries encompass intentional torts committed by coworkers.  *McPherson*, 379 F.3d at 442 (citing *Meerbrey*, 564 N.E.2d at 1227).  To establish that an act was not "accidental" and avoid preemption, a plaintiff must establish that the employer "'has committed, commanded, or expressly authorized" the tort at issue.  *Id*. at 443 (quoting *Juarez v. Ameritech Mobile Commc'ns, Inc.*, 957 F.2d 317, 323 n.4 (7th Cir. 1992)).

Here, Simpson has alleged that the Board made the decision to place her on administrative leave, and Heiden carried out that decision.  Further, a member of the Board accompanied Heiden when he committed the acts from which Simpson's intentional infliction of

emotional distress claims arise.  From these alleged facts, a reasonable factfinder could conclude that Wayne County, Illinois "committed, commanded, or expressly authorized" Heiden's actions. After such a finding, Heiden's actions would not be "accidental" under the IWCA and the IWCA would not preempt Simpson's intentional infliction of emotional distress claim against Wayne County, Illinois.  Accordingly, Simpson has pleaded a plausible cause of action against Wayne County, Illinois.  Simpson has also sufficiently pleaded her claim against Heiden because the IWCA does not bar actions against a co-worker arising out of the co-worker's intentional acts. *See Meerbrey*, 564 N.E.2d at 1230 (IWCA does not "bar employees from pursuing a common law action against co-employees for injuries arising out of intentional torts").  Thus, the Court denies Defendants' motion to the extent it seeks to dismiss Simpson's intentional infliction of emotional distress claims based on IWCA preemption.

### ii. Negligence

The IWCA preempts common law negligence actions against employers and by one employee against another employee "arising out of and in the course of their employment."  *Id*. at 1226, 1229; *Small v. Chi. Health Clubs, Inc.*, 843 F. Supp. 398, 403 (N.D. Ill. 1994).  Illinois district courts disagree as to whether the IWCA preempts *all* common law negligence causes of action.  *Compare Porter v. Int'l Bus. Machs. Corp.*, 21 F. Supp. 2d 829, 833 (N.D. Ill. 1998) (finding the four preemption exceptions[1] do not apply to negligent infliction of emotional distress claims and the IWCA preempts *all* negligence claims) *and Small*, 843 F. Supp. at 402-03 *with Krieger v. Adler, Kaplan & Begy*, 94 C 7809, 1996 WL 6540, at *13 (N.D. Ill Jan. 5, 1996) (stating that plaintiff may avoid IWCA's exclusivity rule for negligent infliction of emotional distress by satisfying one of the four exceptions).  In an unpublished decision the Seventh Circuit

---

[1] The four exceptions to IWCA exclusivity are as follows: "(1) that the injury was not accidental; (2) that the injury did not arise from his or her employment; (3) that the injury was not received during the course of employment; or (4) that the injury was not compensable under the [IWCA]."  *Meerbrey*, 564 N.E.2d at 1226.

cited *Small* with approval finding that "negligent torts committed in the work place are 'accidental'" and thus "preempted by the Act." *Cutchin v. Wal-Mart Stores, Inc.*, 79 F.3d 1150 (7th Cir. 1996).

Under either interpretation, the IWCA preempts Simpson's negligence claims. Pursuant to *Cutchin*, *Porter*, and *Small*, the IWCA automatically preempts Simpson's negligence claims. The IWCA would also preempt Simpson's negligence claims under the *Krieger* interpretation because Simpson fails to plead facts establishing that one of the four exceptions is applicable. The claim is for negligence, and thus accidental. *See Cutchin*, 79 F.3d at 1150. Simpson pleads facts establishing the injury arose from and during the course of her employment when she pleads that the incident causing the emotional distress occurred in the parking lot "in advance of the routine arrival of [Simpson] to her workplace." *See Peel v. Industrial Commission*, 362 N.E.2d 332 (Ill. 1977) ("an injury received on the premises of an employer by an employee going to or from his actual employment by a customary or permitted way will be deemed to have risen out of and in the course of the employment"). Further, an emotional injury is compensable under the IWCA. *See Collier v. Wagner Castings Co.*, 408 N.E.2d 229, 238 (Ill. 1980). Thus, for the foregoing reasons, Simpson's negligence claims in Counts Four and Six are preempted by the IWCA and must be dismissed.

**b. Section 1983 Municipal Liability**

Second, Defendants argue Simpson's 42 U.S.C. § 1983 claims are deficient because she fails to allege a municipal policy or practice or a person with final policymaking authority. Simpson, however, brings Title VII and state law causes of actions, not claims arising under 42 U.S.C. § 1983. Accordingly, the Court denies Defendants' motion to that extent.

### c.  Tort Immunity Act

Third, Defendants argue Simpson's intentional infliction of emotional distress and

negligence claims must be dismissed because Heiden is immune from these causes of action

under the Tort Immunity Act.  They further reason that Heiden's immunity provides immunity to

Wayne County, Illinois, under 745  ILCS 10/2-109 which provides that a "local public entity is

not liable for an injury resulting from an act or omission of its employee where the employee is

not liable."

> The portion of the Tort Immunity Act to which Defendants refer provides:
>
> Except as otherwise provided by Statute, a public employee serving in a position
> involving the determination of policy or the exercise of discretion is not liable for
> an injury resulting from his act or omission in determining policy when acting in
> the exercise of such discretion even though abused.

745 ILCS 10/2-201.  This statute only affords immunity to a public employee who is "making a

policy choice *and* exercising discretion."  *Doe ex rel. Doe v. White*, 627 F. Supp. 2d 905, 922

(C.D. Ill. 2009) (citing *Van Meter v. Darien Park Dist.*, 799 N.E.2d 273, 285-86 (Ill. 2003)).

The Illinois Supreme Court has defined "policy decision" as a "decision requiring a

governmental entity to balance competing interests and to make a judgment call as to what

solution will best serve those interests . . . ."  *Valentino v. Vill. of S. Chi. Heights*, 575 F.3d 664,

679 (7th Cir. 2009) (quoting *Van Meter*, 799 N.E.2d at 286).  A "discretionary" act is an action

"unique to a particular public office."  *Valentino*, 575 F.3d at 679 (quoting *Van Meter*, 799

N.E.2d at 286).  Based on these definitions, the Seventh Circuit has already rejected Defendants'

argument that firing an employee is a "policy decision" within the meaning of the Illinois Tort

Immunity Act when it found that a city supervisor's one time decision to discharge an employee

did not "amount to a 'judgment call between competing interests."  *See Valentino*, 575 F.3d at

679.

Similar to *Valentino*, Heiden's one-time discharge of an employee, Simpson, does not meet the definition of "policy decision" because it was not a "judgment call between competing interests."  The Board made the decision to terminate Simpson, and Heiden carried out that decision.  As such, there were no competing interests for Heiden to consider.  Further, Heiden's action was not "discretionary" because the act of discharging an employee is not "unique to a particular public office."  For these reasons, Defendants are not immune from Simpson's intentional infliction of emotional distress and negligence claims under the Tort Immunity Act.

**d. Punitive Damages**

Finally, Defendants argue Simpson's request for punitive damages must be stricken because § 1983 and the Tort Immunity Act prohibit punitive damages against Defendants.  The Court has already explained that this case does not involve an action under 42 U.S.C. § 1983.  Accordingly, the Court will only consider whether the Tort Immunity Act prohibits punitive damages.

The relevant portion of Illinois' Tort Immunity Act provides:

> Notwithstanding any other provision of law, a local public entity is not liable to pay punitive or exemplary damages in any action brought directly or indirectly against it by the injured party or a third party. In addition, no public official is liable to pay punitive or exemplary damages in any action arising out of an act or omission made by the public official while serving in an official executive, legislative, quasi-legislative or quasi-judicial capacity, brought directly or indirectly against him by the injured party or a third party.

745 ILCS 10/2-102.

Based on the foregoing language, Simpson concedes that the Tort Immunity Act prohibits punitive damages against Wayne County, Illinois.  Accordingly, the Court strikes Simpson's prayer for punitive damages against Wayne County, Illinois, only.

3.  **Conclusion**

For the foregoing reasons, the Court

- **GRANTS in part and DENIES in part** Defendants' motion to dismiss (Doc. 13).  Specifically, the Court grants Defendants' motion to the extent it finds (1) the IWCA preempts Simpson's negligence claims; and (2) the Tort Immunity Act prohibits punitive damages against Wayne County, Illinois.  The Court denies Defendants' motion to the extent it finds (1) the IWCA does not preempt Simpson's intentional infliction of emotional distress claims; (2) 42 U.S.C. § 1983 municipal liability is not at issue; and (3) the Tort Immunity Act does not provide immunity to Defendants in this action.

- **DISMISSES** Simpson's negligence claims stated in Counts Four and Six; and

- **STRIKES** Simpson's request for punitive damages against Wayne County, Illinois.

**IT IS SO ORDERED.**

**DATED:**  August 15, 2013

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT COURT**
