IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SANDRA L. SIMPSON, | |
| Plaintiff, | |
| vs. | Case No. 13-cv-359-SMY-SCW |
| WAYNE COUNTY, ILLINOIS, d/b/a WAYNE COUNTY ILLINOIS HIGHWAY DEPARTMENT, and GREG HEIDEN, WAYNE COUNTY ENGINEER, | |
| Defendants. | |

**MEMORANDUM AND ORDER**

This matter comes before the Court on Defendants' Wayne County, Illinois, d/b/a Wayne County Illinois Highway Department ("County," "Department" or "Board") and Greg Heiden ("Heiden"), Wayne County Engineer (collectively "Defendants") Motions to Strike (Docs. 39, 40, 42, 43).   Defendants' Motion for Summary Judgment (Doc. 27) was accompanied by a Memorandum and a supplement that included a Statement of Material Facts, four affidavits and several depositions (Docs. 28-29).  Plaintiff responded with a Memorandum, a Response to Defendant's Statement of Material Facts, an Objection to certain sections of Defendants' supplemental evidence, a Statement of Facts, three affidavits and multiple deposition transcripts (Docs. 31-35).  Defendants moved (Doc. 40) to strike Plaintiff's (Doc. 33) Objection and filed separate motions to strike the Affidavit of Sandra L. Simpson (Doc. 39), the Affidavit of Jake Kinsolving (Doc. 42) and the Affidavit of Arthur J. Loebach (Doc. 43), or specific portions thereof.  Plaintiff replied to each of these motions (Docs. 47-52) and Defendants sur-replied (Doc. 54).

The Federal Rules of Civil Procedure provide that an affidavit or declaration offered to support or oppose a Motion for Summary Judgment "must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4).  A court therefore cannot consider declarations that are inadmissible as irrelevant or hearsay or that otherwise fail to satisfy the aforementioned Rule.  *Wiley v. United States,* 20 F.3d 222, 225–26 (6th Cir. 1994); *Adusumilli v. City of Chicago*, 164 F.3d 353, 359 (7th Cir. 1998).

Rule 12(f) authorizes a district court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  *Delta Consulting Group, Inc. v. R. Randle Const., Inc.*, 554 F.3d 1133, 1142 (7th Cir. 2009), *quoting* Fed. R. Civ. P. 12(f). Motions to strike generally are disfavored due to their potential for delay and the fact they are not appropriate for resolving issues that turn on facts yet to be developed, but they are properly used to "remove unnecessary clutter" from the pleadings.  *See Williams v. Jader Fuel Co., Inc.*, 944 F.2d 1388, 1400 (7th Cir. 1991), *cert. denied*, 504 U.S. 957 (1992); *Heller Financial, Inc. v. Midwhey Powder Co., Inc.*, 883 F.2d 1286, 1294 (7th Cir. 1989); *U.S. v. 416.81 Acres of Land*, 514 F.2d 627, 631 (7th Cir. 1975); *Atkins v. Pickard*, 298 Fed.Appx. 512, 513, 2008 WL 4832924 (7th Cir. 2008).

Federal district courts enjoy considerable discretion to strike scandalous material and allegations which bear "no possible relation to the controversy or may cause the objecting party prejudice."  *Talbot v. Robert Matthews Distributing Co.,* 961 F.2d 654, 664-65 (7th Cir. 1992). Where there is a discrepancy between a deposition and a supplemental affidavit, the district courts have "great discretion" in determining whether to ignore "attempts to patch-up potentially damaging deposition testimony." *Maldonado v. U.S. Bank*, 186 F.3d 759, 769 (7th Cir. 1999).  In

considering a motion to strike, the Court must "use a scalpel, not a butcher knife" and only strike portions that are inadmissible under Fed. R. Civ. P. 56(c)(4) rather than strike an affidavit in its entirety. *Upshaw v. Ford Motor Co.,* 576 F.3d 576, 593 (6th Cir. 2009).

Defendants move to strike each of the affidavits submitted by Plaintiff in her Response to their Motion for Summary Judgment.  Defendants move, in the alternative, to strike the specific portions the Defendants believe are inadmissible.  In considering these motions to strike, the Court will only strike specific portions that are inadmissible under the Federal Rules of Evidence, if any, and will not strike an affidavit in its entirety.

**Motion to Strike Plaintiff's Objection (Doc. 40)**

Plaintiff initially imposed four objections, subsequently withdrawing her fourth objection and acknowledging facts that resolved her first objection.  Further, in a sur-reply (Doc. 54), Defendants submitted a revised affidavit which omitted the statements to which Plaintiff objected, thus mooting Plaintiff's second objection.  This leaves only Plaintiff's third objection to Defendants' supplemental evidence for the Court's consideration.

Defendants include in their Rule 56 Statement of Facts a section entitled "Simpson's Affair with Art Loebach" (¶¶ 47-54) in which Defendants cite page 93 of Plaintiff's deposition and address a "sexual relationship at work" between Plaintiff and her former supervisor (¶47). Defendants further state that Loebach pushed for pay increases without linking the increases to job performance (¶50) and make other statements related to Loebach's professional and personal support of Plaintiff.  Plaintiff objects that all references offered by Defendants to support their Rule 56 Statement of Material Facts to an affair between herself and Arthur J. Loebach are

inadmissible as irrelevant and/or more prejudicial than probative pursuant to Rules 402 and 403 of the Federal Rules of Evidence.

Defendants respond (Docs. 40-41) and move to strike Plaintiff's objection, arguing that an affair and ongoing friendship are "extremely relevant" because Loebach had advocated for Plaintiff in a number of ways, including proposing more pay for Plaintiff and providing compensation for the office cleaning performed by Plaintiff.  Further, Defendants assert that "Loebach's repeated disrespect of the Board's authority and his circumvention of the Board's actions regarding Plaintiff's pay are evidence of Loebach's bias, habit, state of mind and character, all of which are admissible in court."

The Court notes that while it may either sustain or overrule an objection, there is no mechanism to strike an objection under Federal Rule of Civil Procedure 56.  In determining whether to sustain or overrule Plaintiff's objection, the Court has reviewed the evidence at issue. Simpson states she had a short-term relationship with Loebach that was "somewhat" intimate with "no sexual intercourse."  Minutes from the Wayne County Board Executive Session on November 10, 2011 reflect an admission to an "affair" by Loebach.  When asked during deposition whether the relationship was an "affair," Simpson was unsure whether this was an appropriate term.

The Court need not, however, analyze the definition of the term in ruling on Plaintiff's objection.  On a Defendant's Motion for Summary Judgment, the Court is to examine the evidence in the light most favorable to the Plaintiff, "giving her the benefit of reasonable, favorable inferences and resolving conflicts in the evidence in her favor," and determine whether a genuine issue of material fact remains so that a reasonable jury could return a verdict in Plaintiff's favor.  *Spaine v. Community Contacts, Inc.*, 756 F.3d 542, 544 (7th Cir. 2014);

*Serednyj v. Beverly Healthcare, LLC*, 656 F.3d F.3d 540, 547 (7th Cir. 2011), *citing Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The nature of the relationship would only be relevant to the Court's analysis, therefore, if it served to negate an essential element of the Plaintiff's claims. It does not.

Thus, Plaintiff's objection to the Defendants' references to an affair is **SUSTAINED**. The statements are irrelevant and immaterial at this stage, and the Court will not take those facts into consideration in ruling on Defendant's Motion for Summary Judgment. Accordingly, Defendants' (Doc. 40) Motion to Strike Plaintiff's Objection is **DENIED**.

**Motion to Strike Affidavit of Sandra L. Simpson (Doc. 39)**

Defendants request the Court to strike paragraphs 10, 30, 45, 57, 59, 65, 69, and 71 of the affidavit as hearsay or speculative. The Court finds the following: The portions of paragraphs 30 and 45 that make reference to Greg Heiden's awareness are stricken as speculative; the portion of paragraph 71 that references the reasoning of the Committee is stricken as hearsay; and paragraph 65 is stricken as hearsay. Defendants' Motion to Strike paragraphs 10, 57, 69 is denied.

Defendants move to strike 34 paragraphs of the affidavit of Sandra Simpson as unreasonably cumulative and causing undue delay and expense. Defendants' Motion as to said paragraphs is denied as they are not unreasonably cumulative, nor are they submitted in bad faith.

Defendants move to strike paragraphs 13, 14, 18, 40 and 67 as inconsistent with Simpson's prior deposition testimony. However, Defendants do not provide any reference to particular pages of the deposition the Court should review to determine consistency. After an overview of the allegedly inconsistent paragraphs in Simpson's affidavit, the Court finds that no

new issues of fact have been created.  Therefore, Defendants' Motion is denied as to paragraphs 13, 14, 18, 40 and 67.

Defendants move to strike paragraph 26 of Simpson's affidavit because it provides details not mentioned in her deposition testimony.  Upon review, the Court finds no reason to strike this paragraph.  Accordingly, Defendants' Motion is denied as to paragraph 26.

For the reasons stated above, Defendants' (Doc. 39) Motion to Strike the Affidavit of Sandra L. Simpson is **GRANTED IN PART and DENIED IN PART**.

**Motion to Strike Affidavit of Jake Kinsolving (Doc. 42)**

Defendants move to strike the Affidavit of Jake Kinsolving, or in the alternative, to strike paragraphs 6, 9, 10, 11, 12 and 21 of the affidavit as hearsay or speculation.  Upon review, the Court will not strike paragraphs 6, 10, 11 or 21, as the declarant swore "the facts stated in this declaration are known to me of my own personal knowledge."  Paragraphs 9 and 12 will not be stricken because they fall within the hearsay exclusion in Rule 801(d)(2)(D), which states a statement is not hearsay if it is offered against an opposing party and made by the party's employee on a matter within the scope of that employment while it existed.

For the reasons stated above, Defendants' (Doc. 42) Motion to Strike the Affidavit of Jake Kinsolving is **DENIED** in its entirety.

**Motion to Strike Affidavit of Arthur J. Loebach (Doc. 43)**

Defendants move to strike the Affidavit of Arthur J. Loebach or, in the alternative, to strike 32 paragraphs of the affidavit as hearsay or speculation.  Upon review, the Court finds the following:  the portions of paragraph 8 that refer to Jim Jordan's knowledge are stricken as speculative, but the affiant's assertion as to what Jim Jordan *should have known* will not be

stricken.   Paragraphs 69, 71, 75, 80, 81, 87 and 98 are stricken as speculative and/or hearsay.

Defendants' Motion to Strike paragraphs 10, 14, 15, 16, 17, 20, 24, 27, 31, 36, 37, 38, 40, 41, 45, 46, 68, 76, 77, 82, 85, 89, 95 and 97 is denied.

For the reasons stated above, Defendants' (Doc. 43) Motion to Strike the Affidavit of Arthur J. Loebach is **GRANTED IN PART and DENIED IN PART**.

To summarize, the Court **ORDERS** the following:

**Doc. 40**:  Defendants' Motion to Strike Plaintiff's Objections is **DENIED**, and Plaintiff's third Objection to "all references to an affair" is SUSTAINED.

**Doc. 39**:  Defendants' Motion to Strike the Affidavit of Sandra L. Simpson is **GRANTED IN PART and DENIED IN PART.**

**Doc. 42**:  Defendants' Motion to Strike the Affidavit of Jake Kinsolving is **DENIED**.

**Doc. 43**:  Defendants' Motion to Strike the Affidavit of Arthur J. Loebach is **GRANTED IN PART and DENIED IN PART**.

**IT IS SO ORDERED.**

**DATE:  November 24, 2014**                                    **/s/  Staci M. Yandle**
                                                               **STACI M. YANDLE**
                                                               **DISTRICT JUDGE**